ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Sauer Incorporated | ) ASBCA No. 60366 |
| | ) |
| Under Contract No. N69450-09-D-1274 | ) |

APPEARANCE FOR THE APPELLANT:     Kevin J. Kelly, Esq.
                                                                       General Counsel

APPEARANCES FOR THE GOVERNMENT:     Ronald J. Borro, Esq.
                                                                                 Navy Chief Trial Attorney
                                                                                 Richard A. Gallivan, Esq.
                                                                                 Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE CLARKE
ON THE GOVERNMENT'S MOTION TO DISMISS

The United States Navy (government) moves to partially dismiss this appeal alleging that Sauer Incorporated (Sauer) raised a new claim for the first time in its complaint. We treat this as a motion to strike part of the complaint and grant the motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The government and Sauer entered into IDIQ Contract No. N69450-09-D-1274 (contract) on 3 June 2009 (R4, tab 1). Task Order 4 was awarded to Sauer on 18 November 2009 for design and repairs to Hangar 1552 at Naval Station Mayport, Florida (R4, tab 3). The contract incorporates by reference FAR 52.233-1, DISPUTES (JUL 2002), ALTERNATE I (DEC 1991) (R4, tab 1 at 9).

2. By letter[1] dated 18 June 2013, Sauer stated to the contracting officer (CO) that during earlier negotiations regarding compensation for a government suspension of work, Sauer's home office overhead at 6.22% was "inadvertently left out of the settlement" and requested an additional $57,535 be added onto the settlement. The contractor further stated:

> Sauer's position is that there is entitlement to the standard
> home office overhead and feels the best way to proceed is
> to include the [$57,535] overhead into the pending mod.

---

[1] The Board expresses no opinion as to whether this letter is a claim.

By doing so, the Eichleay total [for unabsorbed overhead] will be reduced accordingly and Eichleay negotiations can still proceed at a later time.

(R4, tab 8)

3. By letter[2] dated 20 June 2013, the CO rejected Sauer's request to add home office overhead to the settlement stating among other things, that "because a fair and reasonable bottom line price was negotiated...there is no merit to Sauer's request for 'standard overhead rate'" (R4, tab 10 at 1001).

4. The government and Sauer entered into Modification No. 17 (Mod 17) of Task Order 4 on 26 September 2013. The stated purpose of the modification was to adjust the task order for time and money due to the government's suspension of work for over a year as referenced in Sauer's 18 June 2013 letter. The settlement in Mod 17 was for a lump sum of $925,000 and a time extension of 437 days. The modification provides, in relevant part:

> The negotiated amount incorporates extention [sic] of warranties and escalation of price for labor and material. All changes associated with the susupension [sic] are included in this amount with the exception of consideration for unabsorbed overhead, to which Sauer wishes to reserve the right to request further consideration if they choose.
>
> "CONTRACTOR'S STATEMENT OF RELEASE"
>
> Acceptance of this modification by the contractor constitutes an accord and satisfaction and represents payment in full for both time and money for any and all costs, impact effect, and for delays and disturptions [sic] arising out of, or incidental to, the work as herein revised.

(R4, tab 4 at 140)

5. By letter dated 18 November 2014, Sauer submitted a certified claim to the CO in the amount of $130,899 for unabsorbed home office overhead for the government suspension covered in Mod 17. The certified claim did not mention Sauer's earlier request, dated 18 June 2013, to add $57,535 in home office overhead for the cost increases related to the government suspension of work. (R4, tab 11)

---

[2] The Board expresses no opinion as to whether this letter is a contracting officer's final decision (COFD).

2

6. The government denied Sauer's certified claim by a contracting officer's final decision (COFD), dated 16 September 2015. The COFD did not mention Sauer's earlier request, dated 18 June 2013, to add $57,535 in home office overhead for the cost increases related to the government suspension of work. (R4, tab 15) Sauer timely appealed to this Board on 11 December 2015.

7. Sauer's complaint, dated 13 January 2016, alleges that it is entitled to $130,899 for unabsorbed home office overhead due to the government suspension covered in Mod 17 and $57,535 for home office overhead associated with the cost increases of Mod 17 (compl. ¶ 48).

8. By motion dated 13 May 2016, the government moved to dismiss the $57,535 home office overhead portion of the complaint.

## DECISION

The government argues that Sauer's request for relief for home office overhead should be dismissed for lack of jurisdiction because it was not first presented to the CO and Mod 17 precluded Sauer from submitting any claims other than for unabsorbed home office overhead during the government suspension of work. Sauer argues in reply that both requests for relief in its complaint arise from the same set of operative facts and whether Mod 17 precludes Sauer's request for home office overhead is a government affirmative defense and is not relevant to determining whether both requests for relief arise from the same set of operative facts.

Under the CDA, the Board has jurisdiction over disputes based upon claims that a contractor has first submitted to the CO for decision. 41 U.S.C. §§ 7103-7105. We lack jurisdiction over claims raised for the first time on appeal, in a complaint or otherwise. Whether a claim before the Board is new or essentially the same as presented to the CO depends upon whether the matters derive from common operative facts. *Dawkins General Contractors & Supply, Inc.*, ASBCA No. 48535, 03-2 BCA ¶ 32,305 at 159,844. As we stated in *Shams Engineering & Contracting Co. & Ramli Co.*, ASBCA Nos. 50618, 50619, 98-2 BCA ¶ 30,019 at 148,524-25:

> The mere introduction of additional facts or the assertion of a new legal theory of recovery, when based upon the same operative facts as included in the original claim, do not constitute a new claim. However, where the proof of the new legal theory of recovery contains operative facts which differ from those asserted in the original claim, the essential nature of the claim has been changed and we do not have jurisdiction over the new claim until it is

3

presented to the contracting officer for decision. *Trepte Construction Company, Inc.*, ASBCA No. 38555, 90-1 BCA ¶ 22,595; *Service Engineering Company*, ASBCA No. 42137, 94-3 BCA ¶ 27,064.

In determining a claim's scope, we are not limited to the claim document but can examine the totality of the circumstances. No particular wording is necessary to express it, but the CO must have "adequate notice" of the basis and amount of the claim. *Versar, Inc.*, ASBCA No. 56857, 10-1 BCA ¶ 34,437 at 169,957.

Sauer's request for relief for home office overhead in its complaint was not mentioned in its certified claim that was presented to the CO (SOF ¶ 5). While both requests for relief in Sauer's complaint derive from the government suspension, the proof for $57,535 the home office overhead contains different operative facts from those for the $130,899 unabsorbed home office overhead. Sauer's request for unabsorbed home office overhead is for overhead related to the original contract amount that was unabsorbed, whereas home office overhead is for overhead related to the increased contract amount from Mod 17 (SOF ¶ 7). Thus, the request for home office overhead has operative facts different from those for unabsorbed home office overhead. Sauer even recognizes this in its complaint as it states "[t]he inclusion of a home office overhead rate applied to additional contract costs is standard in the industry and is distinct from and additional to any claim for unabsorbed home office overhead" (compl. ¶ 44).

When looking at the totality of the circumstances, it is clear that the CO did not have adequate notice that Sauer's request for home office overhead was part of its claim submitted for a COFD. The COFD itself made no mention of the home office overhead associated with the cost increases of Mod 17 (SOF ¶ 6). While the basis and amount for the home office overhead was discussed in Sauer's letter, dated 18 June 2013, there is nothing in Sauer's claim to put the CO on notice that Sauer was requesting a decision on the home office overhead (SOF ¶ 5).

4

## CONCLUSION

Accordingly, we find that the request for relief for home office overhead derives from different operative facts than the claim for unabsorbed home office overhead. The government's motion is granted and the request for $57,535 in home office overhead is stricken from the complaint.

Dated: 17 November 2016

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60366, Appeal of Sauer Incorporated, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5